UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00305-KDB

| | |
|---|---|
| ANTONIO YULANDER PEARSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF CORRECTIONS, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Affidavit seeking to proceed in forma pauperis. [Doc. 2; see Doc. 5 (Order Waiving Initial Partial Filing Fee)].

The pro se Plaintiff, a prisoner of the State of North Carolina currently incarcerated at the Scotland Correctional Institution in Laurinburg, North Carolina, filed this civil rights action pursuant to 42 U.S.C. § 1983, addressing an alleged incident in which he was served fish even though he has a seafood allergy. [Doc. 1].

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the). Any of the enumerated types of dismissals count as a strike,

"whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

The Plaintiff has filed at least three prior civil actions that qualify as "strikes" under the PLRA, 28 U.S.C. § 1915(g), including:

Antonio Yulander Pearson v. Robert T. Barker, 1:23-cv-00296-MR (§ 1983 action dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim for relief) (W.D.N.C. 1/16/2024);

Antonio Yulander Pearson v. B. Carver, et al., 1:23-cv-00352-MR (§ 1983 action dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) for failure to state a claim for relief) (W.D.N.C. 5/10/2024);

Antonio Yulander Pearson v. Robert T. Barker, 1:24-cv-00095-MOC (§ 1983 action dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A as frivolous and barred) (W.D.N.C. 4/17/2024).[1]

The Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. Therefore, the Order granting the Plaintiff's application to proceed in forma pauperis is vacated and the Plaintiff is directed to pay the full filing fee of $405 within 21 days of this Order. If Plaintiff fails to comply, this action will be dismissed without further notice pursuant to § 1915(g).

**IT IS, THEREFORE, ORDERED** that:

1. The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 5] is **VACATED.**

2. The Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 2] is **DENIED**.

---

[1] In dismissing Plaintiff's Complaint in this case, the Court admonished Plaintiff that he is subject to § 1915(g)'s three-strikes provision and that, if he were to bring three or more civil actions dismissed as frivolous or for failing to state a claim for relief, he would not be allowed to proceed in forma pauperis absent a showing of imminent danger of physical injury. [Case No. 1:24-cv-95-MOC, Doc. 6 at 3].

3. The Plaintiff is directed to pay the full filing fee of $405 within **twenty-one (21) days** of this Order. Should the Plaintiff fail to comply, this matter will be dismissed without further notice pursuant to 28 U.S.C. § 1915(g).

4. The Clerk is respectfully directed to add Plaintiff to the Filer Status Report in CM/ECF.

**IT IS SO ORDERED**.

Signed: January 10, 2025

Kenneth D. Bell
United States District Judge